United States District Court
Northern District of Oklahoma

Feb 26, 2010

(1) CHRISTAL E. SERWANGA
Complainant

10 CV - 126 TCK FHM
FILED
MAR 01 2010
Phil Lombardi, Clerk
U.S. DISTRICT COURT

VS

(2) Eric K. SHINSEKI
Secretary Dept. of Veteran Affairs
Agency

Appeal No: 0120090687
Agency No. 200L0623200810II76

File a Complaint of Civil Action in District Court.

Employment Discrimination in Violation of Title VII of Civil Rights Act of 1964 (TITLE VII) as Amended, 42 U.S.C. 2000e and Age Discrimination in Employment Act of 1967 (ADEA) as Amended, 29 U.S.C. 621 religion (Christian) and age (43) when: later I was Terminated Wrongfully.



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

**10 CV - 126 TCK  FHM**

Cristal E. Serwanga,
Complainant,

v.

Eric K. Shinseki,
Secretary,
Department of Veterans Affairs,
Agency.

Appeal No. 0120090687

Agency No. 200L06232008101176

DECISION

Pursuant to 29 C.F.R. § 1614.405, the Commission accepts complainant's appeal from the agency's October 30, 2008 final decision concerning her equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.* and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq.* Complainant alleged that the agency discriminated against her on the bases of religion (Christian) and age (43) when:

1. she was not compensated for overtime work in June, July, September, August and November 2007;

2. an unspecified discriminatory event occurred in December 2007;

3. she was sent to feed a patient that had already been fed;

4. an agency official insisted that complainant report to the Chief Nurse in reference to her leave request;

5. she was required to work on wards 4W, 5W, 5E, and the Emergency Room during one shift;

6. she was berated by an agency official in front of other employees;

7. she was not compensated for overtime work in December 2007;

8. her requests for leave in December 2007 were denied and she was charged leave without pay (LWOP) on December 10, 2007.

9. her duty hours were changed; and

10. she was terminated during her probationary period.

At the conclusion of the investigation, complainant was provided with a copy of the report of investigation and notice of the right to request a hearing before an EEOC Administrative Judge (AJ.) Complainant requested a final agency decision. The agency issued a final decision pursuant to 29 C.F.R. § 1614.110(b) concluding that complainant failed to prove that she was subjected to discrimination as alleged.

In its final decision the agency concluded that complainant failed to establish her claims. As to harassment, the agency determined that complainant failed to show that the alleged incidents were so severe and pervasive that they altered the conditions employment or that they were related to complainant's age or religion.

As an initial matter, the agency dismissed claims 1 and 2 as untimely and for failure to state a claim. Specifically, the agency found that complainant's EEO counselor contact on December 27, 2007 was beyond the 45 day time limitation for counselor contact regarding for events which occurred in June, July, September, October and November of 2007. EEOC Regulation 29 C.F.R. § 1614.105(a)(1) requires that complaints of discrimination should be brought to the attention of the Equal Employment Opportunity Counselor within forty-five (45) days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within forty-five (45) days of the effective date of the action. The Commission has adopted a "reasonable suspicion" standard (as opposed to a "supportive facts" standard) to determine when the forty-five (45) day limitation period is triggered. *See Howard v. Department of the Navy*, EEOC Request No. 05970852 (February 11, 1999). Thus, the time limitation is not triggered until a complainant reasonably suspects discrimination, but before all the facts that support a charge of discrimination have become apparent.

EEOC Regulations provide that the agency or the Commission shall extend the time limits when the individual shows that she was not notified of the time limits and was not otherwise aware of them, that she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence she was prevented by circumstances beyond her control from contacting the Counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission. On appeal, complainant has failed to present persuasive evidence that the time for EEO counselor contact should be extended for any reason. We find therefore, that the agency's dismissal of claim 1 as untimely was proper.

The agency dismissed claim 2, regarding an unspecified discriminatory event occurring in December 2007 for failure to state a claim. The regulation set forth at 29 C.F.R. § 1614.107(a)(1) provides, in relevant part, that an agency shall dismiss a complaint that fails to state a claim. An agency shall accept a complaint from any aggrieved employee or applicant for employment who believes that he or she has been discriminated against by that agency because of race, color, religion, sex, national origin, age or disabling condition. 29 C.F.R. §§ 1614.103, .106(a). The Commission's federal sector case precedent has long defined an "aggrieved employee" as one who suffers a present harm or loss with respect to a term, condition, or privilege of employment for which there is a remedy. *Diaz v. Department of the Air Force*, EEOC Request No. 05931049 (April 21, 1994). Upon review, the Commission finds that with respect to claim2, complainant has failed to demonstrate that she was subjected to an adverse action with respect to the terms and conditions of her employment. In that regard, we find that the agency's dismissal of claim 2 was proper.

To prevail in a disparate treatment claim such as this, complainant must satisfy the three-part evidentiary scheme fashioned by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). He must generally establish a *prima facie* case by demonstrating that he was subjected to an adverse employment action under circumstances that would support an inference of discrimination. *Furnco Construction Co. v. Waters*, 438 U.S. 567, 576 (1978). The *prima facie* inquiry may be dispensed with in this case, however, since the agency has articulated legitimate and nondiscriminatory reasons for its conduct. *See United States Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 713-17 (1983); *Holley v. Department of Veterans Affairs*, EEOC Request No. 05950842 (November 13, 1997). To ultimately prevail, complainant must prove, by a preponderance of the evidence, that the agency's explanation is a pretext for discrimination. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S.Ct. 2097 (2000); *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 519 (1993); *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981); *Holley v. Department of Veterans Affairs*, EEOC Request No. 05950842 (November 13, 1997); *Pavelka v. Department of the Navy*, EEOC Request No. 05950351 (December 14, 1995).

Turning now to claims 3 through 10, the agency found that complainant failed to establish a *prima facie* case of discrimination as alleged. In its final decision, the agency determined that complainant failed to demonstrate that similarly situated individuals were treated more favorably in similar circumstances. Even assuming *arguendo* that complainant established a *prima facie* case of discrimination the Commission determines that the agency articulated legitimate, nondiscriminatory reasons for its conduct. Specifically, the agency indicates that due to needs of the facility in which complainant worked, she was required on occasion to perform work in several hospital wards due to staff shortages in a particular area. The agency indicates that because of staff shortages during complainant's duty hours, she was required to perform various duties in several hospital wards on one day. The agency also indicated that according to payroll records, complainant has been compensated for all overtime worked in December 2007. In reaching this conclusion, the agency has provided the Commission with copies of documentary evidence in support of its finding. The agency also indicated in its final decision that complainant's leave request was denied in December because she had a negative sick leave

balance and had used all of her annual leave. Consequently, her request for leave in December 2007 was denied. Similarly, complainant was charged AWOL for failing to report to work on December 10, 2007. Regarding complainant's claim that her duty hours were changed, the agency indicates that complainant had previously agreed to a temporary, one week change in her duty hours in order to accommodate staffing shortages during the holiday season when several employees were on annual leave. In support of its finding in that regard, the agency has provided the Commission with a memorandum to complainant documenting the temporary change in duty hours. Regarding complainant's termination, the agency indicates that complainant was removed from her position for negligence and carelessness in performing her duties. Specifically, the agency indicated that on one occasion, complainant was found sleeping in a patient's recliner during duty hours and on other occasions failed to provide water to patients during the night, failed to take vital signs and finger stick blood sugars in a timely manner. In addition, the agency indicated that in one incident, complainant failed to feed a patient at all. Concerning complainant's additional claims that she was sent to feed a patient that had already been feed, that she was required to report to the Chief Nurse regarding her request for leave, and that she was berated by a supervisor, the Commission finds that complainant has failed to demonstrate that she suffered any adverse actions concerning the terms and conditions of her employment or that she was subjected to discriminatory harassment as a result of the agency's conduct.

Because the agency articulated legitimate, nondiscriminatory reason for its actions, complainant is required to show that the reasons are a pretext for discrimination. Complainant has failed to present arguments or evidence of pretext on appeal in this matter. The Commission finds therefore, that complainant has not established that the agency's articulated reasons for its actions were pretext for discrimination.

After a review of the record in its entirety, including consideration of all statements submitted on appeal, it is the decision of the Equal Employment Opportunity Commission to affirm the agency's final decision because the preponderance of the evidence of record does not establish that discrimination occurred.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M1208)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.  The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.  The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 77960, Washington, DC 20013. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0408)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z1008)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request from the Court that the Court appoint an attorney to represent you and that the Court also permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney with the Court does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*
_____
Carlton M. Hadden, Director
Office of Federal Operations


__NOV 1 0 2009__
Date

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Cristal E. Serwanga
POB 2192
Broken Arrow, OK 74013


Ralph Torres, Deputy Assistant Secretary, Resolution Management
Office of General Counsel (024)
Department of Veterans Affairs
810 Vermont Ave., NW
Washington, DC 20420


NOV 1 0 2009
Date

_____
Equal Opportunity Assistant